UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re | Chapter 7 |
| DEBORAH SMITH | Case No. 16-41627 |
| Debtor | |
| DEBORAH SMITH | A.P. No. |
| Plaintiff | |
| V. | **COMPLAINT** |
| SOCIAL SECURITY ADMINISTRATION | |
| Defendant | |

**Nature of the Case**

1. Deborah Smith is a pro bono Chapter 7 debtor, who qualified for and received a waiver of the filing fee (Doc. No. 13). Her only source of income is Social Security, and she also receives non-cash benefits from food stamps and Section 8 housing assistance. Since approximately December 2014, the Social Security Administration (SSA) has been deducting $100 from her monthly benefits in order to collect an overpayment she previously received. Collection of this overpayment was stayed by Smith's bankruptcy filing but the SSA has

continued to deduct $100 from her monthly benefits. Accordingly, Smith now brings this action for sanctions.

### Federal Jurisdiction and Venue

2. The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334(b) and Local Rule 201 of the District Court.

3. Venue is proper in this court pursuant to 28 U.S.C. § 1409(a).

4. Count I is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), arising from a wilful violation of the automatic stay provided for in 11 U.S.C. § 362(a).

### Parties

5. Plaintiff Deborah Smith (Smith) is a natural person residing at 21 Dyllon Street, Unit 1120, Worcester, MA 01604.

6. Defendant Social Security Administration (SSA) is an independent agency in the executive branch of the United States of America charged with the administration of the Social Security Act, 42 U.S.C. § 401-434, 1381-1383.

### Common Facts

7. At all relevant times, Smith's only source of income was Social Security. On the Petition Date, her total monthly benefits from Social Security was $969. This amount slightly increased to $971 in January 2017.

8. Smith also receives some non-cash benefits from food stamps and Section 8 housing.

9. Prior to the Petition Date, the SSA determined that Smith had received an overpayment of approximately $7,600. The SSA has made no allegation that this overpayment was procured by fraud.

10. In order to collect this repayment, the SSA began deducting $100 from Smith's monthly benefits in approximately December 2014.

11. Smith filed a petition for relief under Chapter 7 of the United States Bankruptcy Code on September 17, 2016 (the Petition Date).

12. Due to her limited income, Smith was granted a waiver of the filing fee (Doc. No. 13).

13. Pursuant to 20 C.F.R. § 423.3, notice of Smith's petition was provided to the SSA's General Counsel.

14. On September 21, 2016, SSA's General Counsel received electronic notice of Smith's filing by the Bankruptcy Noticing Center at its registered email address boston.bnc@ssa.gov (Doc. No. 12).

15. Additionally, pursuant to MLBR 2002-2 and Appendix 4, notice of Smith's petition was also provided to the United States Attorney.

16. Furthermore, in an abundance of caution, notice of Smith's petition was also provided to the United States Attorney General.

17. None of these notices were returned as undeliverable.

3

18. Despite notice of Smith's bankruptcy, the SSA has continued to deduct $100 from Smith's monthly benefits. To date, post-petition deductions have been taken in October 2016, November 2016, December 2016, and January 2017.

19. On December 12, 2016, Smith sent a letter to the SSA's General Counsel requesting that the wrongful post-petition deductions be returned. The letter was sent via certified mail, return receipt requested. It was signed for and received by the SSA on December 19, 2016.

20. To date, the SSA has not responded to Smith's letter.

21. The deadline for objections to discharge in this case was December 27, 2016.

22. The SSA did not file any objections to Smith's discharge, or to the dischargeability of its claim.

23. Smith's discharge was granted on January 4, 2017 (Doc. No. 19).

### Count I:
### Violation of the Automatic Stay
### 11 U.S.C. § 362(a)

24. The preceding allegations are incorporated by reference.

25. Pursuant to 11 U.S.C. §§ 362(a)(1), (6), and/or (7), the SSA was prohibited from taking any post-petition action to collect the overpayment owed by Smith. *Lee v. Schweiker*, 739 F.2d 870 (3rd Cir. 1984) (holding that the SSA may not legally recoup overpayments from a debtor's post-petition benefits).

26. The SSA maintained post-petition collection efforts against Smith, as it deducted $100 from Smith's monthly benefits in October 2016, November 2016, December 2016, and January 2017..

27. The SSA violated 11 U.S.C. §§ 362(a)(1), (6), and/or (7) by continuing such collection efforts.

28. Smith suffered damages from SSA's violation of the automatic stay, including but not limited to loss of income and attorney's fees.

29. Pursuant to 11 U.S.C. § 362(k), an award of actual damages, including costs and attorney's fees, is appropriate.

**Request for Relief**

WHEREFORE, Plaintiff demands judgment in her favor, actual damages, attorney's fees, and any other relief deemed proper.

> Deborah Smith,
> Plaintiff,
> By Counsel,
>
> */s/ Christopher M. Brine*
> Christopher M. Brine (BBO 679289)
> Brine Consumer Law
> PO Box 60701
> Worcester, MA 01606
> P - (508) 556-1899
> F - (508) 556-9951
> cmb@brineconsumerlaw.com

January 4, 2016